IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANNY F. ATTERBURY, | ) | No. C 11-3878 LHK (PR) |
| Plaintiff, | ) ) | ORDER GRANTING MOTION TO RECONSIDER; RE- |
| v. | ) ) | OPENING CASE; DISMISSING WITH LEAVE |
| MIKE STOLP, | ) ) | TO AMEND |
| Defendant. | ) ) | (Docket Nos. 5, 6) |

  Plaintiff, a former civil detainee at Napa State Hospital ("NSH"), proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's motions for reconsideration are GRANTED. The Clerk is directed to re-open this action. Plaintiff's motion for leave to proceed in forma pauperis is GRANTED. For the reasons stated below, the Court dismisses the complaint with leave to amend.

**DISCUSSION**

A. Standard of Review

  A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.

1 § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v.*
2 *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

3       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
4 claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the
5 statement need only "'give the defendant fair notice of what the . . . claim is and the grounds
6 upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).
7 Although in order to state a claim, a complaint "does not need detailed factual allegations, . . . a
8 plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than
9 labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
10 do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level."
11 *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A
12 complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.*
13 at 1974.

14       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
15 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
16 the alleged violation was committed by a person acting under the color of state law.  *See West v.*
17 *Atkins*, 487 U.S. 42, 48 (1988).

18 B.    <u>Legal Claims</u>

19       Plaintiff broadly alleges that Mike Stolp subjected him to unconstitutional conditions,
20 and violated several of his constitutional rights.  Plaintiff's bald allegations do not proffer any
21 plausible facts to state a claim for relief.  *See Twombly*, 127 S. Ct. at 1974.  However, Plaintiff
22 will be given an opportunity to amend his complaint he can do so in good faith.  In his amended
23 complaint, Plaintiff must "set forth specific facts" regarding what Stolp did or did not do to
24 violate each alleged constitutional right.  *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

25 **CONCLUSION**

26    1.    Plaintiff's motion to reconsider is GRANTED.  The Clerk shall RE-OPEN this
27 case.  Plaintiff's complaint is DISMISSED with leave to amend.

28    2.    Plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date

1 this order is filed to cure the deficiencies described above.  The amended complaint must include
2 the caption and civil case number used in this order (C 11-3878 LHK (PR)) and the words
3 AMENDED COMPLAINT on the first page.  Plaintiff may not incorporate material from the
4 prior complaint by reference.  **Failure to file an amended complaint within thirty days and in**
5 **accordance with this order will result in dismissal of this action.**

6        3.      Plaintiff is advised that an amended complaint supersedes the original complaint.
7 "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
8 in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).
9 Defendants not named in an amended complaint are no longer defendants. *See Ferdik v.*
10 *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

11        4.      It is the Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
12 Court informed of any change of address by filing a separate paper with the clerk headed "Notice
13 of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to
14 do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule
15 of Civil Procedure 41(b).

16     IT IS SO ORDERED.
17 DATED: 12/20/11

                                                          LUCY H. KOH
18                                                           United States District Judge